IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MITCHELL JAMES CHANDLER,<br><br>Petitioner,<br><br>vs.<br><br>BUREAU OF PRISONS,<br><br>Respondent. | Cause No. CV 21-43-BLG-SPW-TJC<br><br>ORDER |

  This case comes before the Court on Petitioner Chandler's application for a writ of habeas corpus under 28 U.S.C. § 2241.

  On August 16, 2021, the United States filed a motion to dismiss and brief in support (Docs. 12, 13). The documents were served on Chandler at FCI McKean. *See* Mot. (Doc. 12) at 3; Br. in Supp. (Doc. 13) at 7. Chandler failed to respond.

  On November 2, 2021, United States Magistrate Judge Timothy Cavan ordered Chandler to show cause why his case should not be dismissed for failure to prosecute. *See* Order (Doc. 14).

  On November 22, 2021, Chandler responded by stating that he did not receive the United States' motion to dismiss. On February 2, 2022, Judge Cavan issued an order denying the United States' motion to dismiss, subject to renewal. Chandler was required to name the person or persons who had custody of him

1

when he filed his petition, provided he "intends to continue with this action." Order (Doc. 16) at 9 ¶ 3. A deadline was set for February 21, 2022. Chandler again failed to respond.

On March 21, 2022, the United States renewed its motion to dismiss. *See* Second U.S. Mot. to Dismiss (Doc. 17). Chandler responded on April 4, 2022 (Doc. 19).

As of September 28, 2022, however, the Bureau of Prisons' website showed that Chandler was released on July 29, 2022. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed Sept. 28 and Oct. 24, 2022). Yet Chandler had not provided a current mailing address to the clerk. His address of record remained FCI McKean.

Chandler had previously been advised that he must alert the clerk to any change in his mailing address and that failing to do so could result in dismissal of the action without notice to him. *See, e.g.*, Order (Doc. 7) at 3.

Consequently, on September 29, 2022, Judge Cavan again ordered Chandler to show cause (Doc. 21) why the action should not be dismissed for failure to prosecute. The clerk mailed the order to Chandler at an address provided by the United States Probation Office. The order has not been returned to the clerk as undeliverable. Chandler did not respond to it.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal, and the fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and four.

3

Judge Cavan expended considerable effort on this matter because the Court's jurisdiction is unclear. Even so, Chandler has repeatedly failed to respond and keep his address updated as required. The Court's time and resources should be directed to plaintiffs and petitioners who fully participate in the actions they filed. This case interferes with and takes time away from those cases. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

Petitioner's inaction has prompted the United States to repeat its arguments multiple times while also depriving it of a fair opportunity to obtain a ruling on the jurisdictional question. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

No viable alternatives to dismissal appear. Chandler has had multiple opportunities to proceed. This factor weighs in favor of dismissal.

Courts exist to resolve disputes on the merits. Here, however, Chandler has essentially abandoned the action. All four of the other *Pagtalunan* factors counsel dismissal.

A certificate of appealability is not warranted. Assuming Chandler makes a substantial showing that he was deprived of an opportunity to be heard before good time credits were taken from him, reasonable jurists would not find that the case

can proceed without his participation. See 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. This action is DISMISSED for failure to prosecute.

2. The clerk is directed to enter, by separate document, a judgment of dismissal for failure to prosecute.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if a notice of appeal is filed.

DATED this 27th day of October, 2022.

Susan P. Watters
United States District Court